IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES D. HOWELL                                                                                       PLAINTIFF

vs.                                                                         CIVIL ACTION NO. 4:16cv202-RP

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff James D. Howell has filed suit under 42 U.S.C. § 405(g) seeking judicial review of the decision of the Commissioner of Social Security denying his applications for a period of disability (POD) and disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act. Plaintiff filed an application for benefits on October 8, 2013 alleging disability beginning on February 5, 2013. His claim was denied initially on December 18, 2013 and upon reconsideration on January 14, 2014. He filed a request for hearing and was represented by counsel at the hearing held on June 4, 2015. The Administrative Law Judge (ALJ) issued an unfavorable decision on August 25, 2015, and on September 1, 2016, the Appeals Council denied plaintiff's request for a review. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

# I. FACTS

Plaintiff was born on February 27, 1961 and has a high school education. Docket 8, p. 69. He was fifty-four years old at the time of the hearing, and at the time of the ALJ's decision he was six months shy of age fifty-five and the next age category of persons of advanced age. Plaintiff's past relevant work was as a mechanic. *Id.* at 97. Plaintiff contends that he became disabled before his application for benefits as a result of "back problems, groin pain, possible hernia, arthritis in hips, degenerative disc disease, cyst on left kidney, 35% overall hearing loss, left and right rotator cuff problems, separated ac joint–had surgery, sinus issues, chest pains, short winded, exposed to carc dust on last job." *Id.* at 201.

The ALJ determined that plaintiff suffered from "severe" impairments including "degenerative disc disease of the lumbar spine and osteoarthrosis," (Docket 8, p. 49), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). *Id.* at 50. Based upon testimony by the vocational expert [VE] at the hearing and considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work as defined in 20 CFR 404.1567(b) except he
> can only occasionally stoop and crouch.

Docket 8, p. 51. After further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects he claimed due to his symptoms were not credible. *Id.* at 52. After evaluating all of the evidence in the record, including testimony of a VE, the ALJ held that plaintiff could perform the jobs of a parking lot attendant, cafeteria attendant and usher. *Id.* at 56. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.*

Plaintiff contends that the ALJ erred failed to order a consultative examination despite plaintiff's request which resulted in a flawed RFC, she improperly concluded that plaintiff's mental issues were non-severe, and she improperly assumed that plaintiff's gap in treatment was due to a lack of need of treatment.  Because the undersigned concludes that this case should be remanded for a CE, the remaining issues need not be addressed.

## II.  STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1]  The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2]  First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3]  Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4]  At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5]  If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical

---

[1] *See* 20 C.F.R. §§ 404.1520(2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d) (2010).  If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence

---

[6] 20 C.F.R. §§ 404.1520(e)(2010).

[7] 20 C.F.R §§ 404.1520(g) (2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

Plaintiff contends the ALJ erred in electing not to order a consultative examination requested by plaintiff's counsel despite a lack of medical opinions from any treating or examining source, even after the MRI of plaintiff's back in 2015 showed a worsened condition. The Commissioner posits that "the ALJ properly determined that the evidence as a whole supported her determination that Plaintiff could perform light work with only occasional stooping and crouching, and . . . the ALJ was under no duty to further develop the record." Docket 15, p. 14.

In the 3-sentence paragraph that contains the only discussion of the opinions expressed by physicians as to plaintiff's abilities, the ALJ afforded partial weight to the opinions of the non-examining state agency medical consultants. Docket 8 at 54. The only discussion given of these two opinions is that in December 2013, Dr. William Hand found plaintiff capable of a full range of medium work and his finding was affirmed by Dr. Karen Hulett. These two physicians reviewed plaintiff's medical records and provided opinions on December 16, 2013 and January 13, 2014, respectively. Docket 8 at 102-10 and 112-20. Both of those opinions predate

plaintiff's May 2015 MRI which the ALJ found to be "slightly worse at L4-5 showing mild to moderate left foraminal narrowing and lateral recess stenosis." Docket 8 at 54. Neither of the state agency physicians examined plaintiff, and neither had these medical records at the time they provided their opinions. There are no medical opinions from any source, including state agency physicians or plaintiff's treating physicians, addressing plaintiff's limitations and ability to perform work-related functions at the time of or after the May 2015 MRI.

The Commissioner argues that opinions from consulting or examining physicians are unnecessary as there is substantial evidence the plaintiff's claimed back pain is not disabling. Docket 15 at 13-14. Additionally, the Commissioner asserts that plaintiff's failure to continue the course of physical therapy and medical treatment demonstrates that his pain was not sufficient to necessitate medical treatment and therefore is not disabling. *Id* at 18.

The court questions the Commissioner's attempts to support an ALJ's opinion that does not appear to be based upon any medical opinion following the May 2015 MRI. Certainly, the responsibility of determining the plaintiff's residual functional capacity belongs to the ALJ, *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995); in making this determination she must consider all the evidence in the record, evaluate the medical opinions in light of other information contained in the record, and determine the plaintiff's ability despite his physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ has considerable discretion in reviewing facts and evidence but, as a layman, she is not qualified to interpret raw medical data in functional terms. *Perez v. Secretary of Health and Human Services*, 958 F.2d 445, 446 (1st Cir. 1991) (citations omitted); *see Richardson v. Perales*, 402 U.S. 389, 408 (1971) (upholding the use of testimony from vocational expert because the ALJ is

6

a layman). The ALJ is simply not at liberty to establish physical limitations or lack of those limitations without medical proof to support that conclusion. *Patterson v. Astrue*, 2008 WL 5104746, *4 (N.D. Miss. 2008), citing *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). "The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law or judging matters entrusted to experts." *Nyugen v. Chater*, 172 F.3d at 35.

Here, to reach an RFC for the period after May 2015, the ALJ needed an opinion as to plaintiff's abilities and limitations from a physician who had the benefit of reviewing all of plaintiff's medical records and who, preferably, examined or treated the plaintiff. 20 CFR 404.1519a(b)(1) specifies that the Commissioner may order a consultative examination to make a proper determination when evidence is needed that is not contained within the records of the medical sources and when there is an indication of a change in condition that is likely to affect the ability to work, but the current severity of the impairment is not established. This is exactly the scenario plaintiff finds himself in today.

At the time of the treatment records which the agency physicians reviewed, plaintiff's treating physicians did not have the benefit of the May 2015 MRI and the Commissioner never asked them to provide any opinion as to plaintiff's ability to perform work related functions following the May 2015 MRI. Their records do not contain opinions as to whether plaintiff can perform the requirements of light duty work. Instead of properly obtaining a consultative examination, the ALJ stated that "the file contains medical and other pertinent evidence in Exhibits 6E, 4F, 5F, and 10F that is sufficient to support a decision" and she interpreted those medical records on her own to reach plaintiff's RFC that plaintiff can perform light work.

Clearly, the ALJ found that the plaintiff's change in condition as reflected in the May 2015 MRI affects his ability to work, as this was the express basis for the ALJ's assessment of a light duty work RFC as opposed to the medium duty RFC previously assessed by the reviewing physicians. However, the severity of the impairment was not established, which is particularly important in plaintiff's situation because at the time of the ALJ's decision he was "borderline" moving to the category of persons of advanced age, in which category an RFC of sedentary for a person with plaintiff's education and work experience results in a finding of disabled under the GRIDS.

The Commissioner argues that in formulating the RFC the ALJ properly considered plaintiff's subjective statements about his daily activities, finding they were inconsistent with the degree of limitation alleged. Docket 15 at 12. However, all of the plaintiff's subjective statements of daily activities cited in the Commissioner's brief – and almost all of those cited in the ALJ's decision – significantly predate the plaintiff's May 2015 MRI showing a worsened condition. Docket 15 at 12; Docket 8 at 58. Plaintiff testified at the hearing that he now uses a cane to help him get up from a chair, he can no longer carry a basket of clothes to the laundry, and he can carry only a half-gallon of milk – as opposed to a gallon – without problems. Docket 8 at 75, 81, 93. The court finds the plaintiff's subjective statements of his daily activities in this case do not obviate – but rather support – the need for a medical opinion as to his work-related limitations.

Plaintiff's medical history and his possible inability to obtain medical treatment due to his financial condition warrant a consultative examination. The court is not convinced that plaintiff is in fact disabled. However, the ALJ should have obtained an consultative examination in order to properly consider plaintiff's ability to perform work related functions in light of the

most recent MRI.

Because the ALJ needed a consultative examination and opinion to support a proper RFC regarding plaintiff's ability to perform work related functions after the May 2015 MRI, the court concludes the ALJ's decision was not supported by substantial evidence. The case is remanded to obtain a consultative examination and an opinion as to the extent that plaintiff's limitations impede his ability to perform work related functions.

## IV.  CONCLUSION

The Commissioner's denial of benefits will be remanded for additional review in accordance with this opinion. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 2nd day of June, 2017.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE